**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RONALD NATHANIEL MAYER,<br><br>           Petitioner,<br><br>      v.<br><br>JOHN MARSHALL, Warden,<br><br>           Respondent. | No. CV 08-5585 RSWL (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |

On August 26, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court orders Petitioner to show cause, on or before ***September 29, 2008***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///
///

# I.

## PROCEDURAL HISTORY

According to the Petition, Petitioner pled guilty to robbery with use of a weapon and was sentenced to prison for 12 years on July 16, 2004.  (Petition at 2.)  No appeal was filed.  (*Id.* at 2-3.)

Petitioner filed his first state habeas petition in Los Angeles County Superior Court on March 29, 2007.  (*Id.* at 3-4.)  The Superior Court denied the petition on May 22, 2007.  (*Id.* & Exhibit.)  On June 18, 2007, Petitioner filed a state habeas petition before the California Court of Appeal.  (*Id.* at 4.)  On July 31, 2007, the California Court of Appeal denied the petition.  (*Id.* at 4 & Exhibit.)  On October 18, 2007, Petitioner filed a state habeas petition before the California Supreme Court.  (*Id.* at 4.)  The California Supreme Court denied the petition on April 23, 2008.  (*Id.* at 5 & Exhibit.)

# II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.   The Date On Which the Conviction Became Final

Based on the record before the court, Petitioner pled guilty and was sentenced on July 16, 2004.  (Petition at 2 & Exhibit.)  No appeal was filed.  (*Id.* at 2-3.)  Because Petitioner did not appeal, his conviction became final 60 days later on September 14, 2004.  California Rules of Court 30.1(a), (d).

1    Accordingly, absent tolling, the one-year statute of limitations expired one year

2    later on September 14, 2005.  28 U.S.C. § 2244(d)(1)(A).  Petitioner signed his federal

3    habeas petition on August 21, 2008.  (Petition at 8.)

4    Therefore, the Petition is time-barred unless the statute of limitations was tolled.

5    The statute of limitations is tolled during the time "a properly filed application for State

6    post-conviction or other collateral review with respect to the pertinent judgment or claim

7    is pending."  28 U.S.C. § 2244(d)(2).  However, the Petition indicates that Petitioner's

8    first state habeas petition was mailed on March 29, 2007, over one year after the statute

9    of limitations expired.[1]  (Petition at 4.)  A state habeas petition filed after the limitations

10    has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350

11    F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).  Given that

12    Petitioner does not appear to have filed any habeas petitions in state court before

13    expiration of the one-year statute of limitations, the limitations period was not tolled at

14    any time pursuant to 28 U.S.C. § 2244(d)(2).[2]

15    The Supreme Court has not decided whether § 2244(d) allows for equitable

16    tolling.  *Lawrence v. Florida,* 127 S. Ct. at 1085.  Even assuming equitable tolling

17    applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights

18    diligently, and (2) that some extraordinary circumstance stood in his way and prevented

19    timely filing."  *Id.* (citation and internal quotation marks omitted).  The extraordinary

20    circumstances must have been the cause of his untimeliness.  *Pace v. DiGuglielmo*,

21    544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

22    The Petition does not indicate any basis for equitable tolling.

23    ///

24    ///

25

26    [1]   Even assuming the mailing date occurred on March 1, 2007, the analysis would not change.

27

28    [2]   The one-year statute of limitations is not tolled while a federal habeas petition is pending.  *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

**B.    28 U.S.C. § 2244(d)(1)(D) – Discovery**

Grounds Two and Three of the Petition allege ineffective assistance of counsel for failing to object to the trial judge's conduct, failure to file a notice of appeal and failure to file a motion to recall the sentence.  (Petition at 5-6.)

In the context of an ineffective assistance claim, the statute starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Here, Petitioner knew, or through diligence could have discovered, the factual predicate of his claim in Ground Two based on failure to object to the trial judge's conduct in the plea proceedings no later than the date he pled guilty and was sentenced, July 16, 2004.  (Petition at 2.)

In Ground Three, Petitioner alleges ineffective assistance of counsel based on failure to file a notice of appeal and failure to file a motion to recall the sentence. (Petition, Points and Authorities at 12.)  For purpose of this Order to Show Cause, the Court assumes without deciding that Petitioner did not expressly waive a right to appeal and that Petitioner asserts appealable issues.  A notice of appeal and request for certificate of probable cause must be filed within 60 days of the judgment, which would have been September 14, 2004.  Cal. Rules of Court 8.304(b), 8.308(a); Cal. Penal Code § 1237.5(a).  Therefore, Petitioner knew, or through diligence could have discovered, the factual predicate of his claim of failure to file a notice of appeal no later than September 14, 2004.  Moreover, a trial court may recall a sentence within 120

days of the date of commitment upon motion.  Cal. Penal Code § 1170(d); *People v. Superior Court*, 31 Cal. App. 4th 343, 348, 37 Cal. Rptr. 2d 156 (1995).  Therefore, Petitioner knew, or through diligence could have discovered, the factual predicate of his claim that counsel failed to file a motion to recall the sentence no later than November 15, 2004.

Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired one year later.  Accordingly, the limitations period for the claim of ineffective assistance of counsel based on failure to file a notice of appeal expired September 14, 2005.  The limitations period for the claim of ineffective assistance of counsel based on failure to file a motion to recall the sentence expired on November 15, 2005.

As discussed above, Petitioner is not entitled to statutory tolling because no state habeas petition was filed prior to expiration of the statute of limitations.  (*See* Section II.A.)  The Petition does not indicate any basis for equitable tolling.  Accordingly, Grounds Two and Three are time-barred under 28 U.S.C. § 2244(d)(1)(D).

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **September 29, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations.  Petitioner's response must explain why his Petition is not barred by the statute of limitations.

***Accordingly, if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: August 28, 2008

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

5