FILED
CLERK, U.S. DISTRICT COURT

JAN 12 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RONALD NATHANIEL MAYER,<br><br>Petitioner,<br><br>v.<br><br>JOHN MARSHALL, Warden,<br><br>Respondent. | No. CV 08-5585-RSWL (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: Jan 9, 2009

RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD NATHANIEL MAYER,<br>Petitioner,<br>v.<br>JOHN MARSHALL, Warden,<br>Respondent. | NO. CV 08-5585-RSWL (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Ronald S.W. Lew, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be dismissed.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On July 16, 2004, Petitioner pled guilty to robbery with use of a weapon and was sentenced to prison for 12 years. (Petition at 2.) Petitioner did not appeal. (*Id.* at 2-3.)

On March 29, 2007, Petitioner filed a state habeas petition in Los Angeles County Superior Court, which was denied on May 22, 2007. (*Id.* at 3-4 & Exhibit.) On June 18, 2007, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on July 31, 2007. (*Id.* at 4 & Exhibit.) On October 18, 2007, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on April 23, 2008. (*Id.* at 4-5 & Exhibit.)

On August 26, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court. On August 28, 2008, the Court ordered Petitioner to show cause why the Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations. On October 23, 2008, Petitioner filed a response to the Court's order to show cause ("Response").

This matter is now ready for decision.

II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

///

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), or on a date set in § 2244(d)(1)(B)-(D).

### A.   The Date on Which Conviction Became Final

Petitioner pled guilty on July 16, 2004. (Petition at 2 & Exhibit.) Because Petitioner did not appeal (*id.* at 2-3), his conviction became final 60 days later on September 14, 2004. Cal. Rules of Court 8.308(a) (formerly 30.1(a), (d)).

Accordingly, the one-year statute of limitations expired one year later on September 14, 2005. 28 U.S.C. § 2244(d)(1)(A). Petitioner signed his federal habeas petition on August 21, 2008. (Petition at 8.) Therefore, absent tolling, the Petition is time-barred.

#### 1.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner's first state habeas petition was mailed on March 29, 2007, over one year after the statute of limitations expired.[1] (Petition at 4.) A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Therefore, Petitioner is not entitled to statutory tolling.

#### 2.   Equitable Tolling

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*

---

[1] Even assuming the mailing date occurred on March 1, 2007, the analysis would not change.

3

(citation and internal quotation marks omitted). The extraordinary circumstance must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Petitioner argues he is entitled to equitable tolling during the period of September 14, 2004 (when his conviction became final) to March 29, 2007 (when he mailed his first state habeas petition).[2] (Response at 7.) Petitioner also has to account for the period from April 23, 2008 (when the California Supreme Court denied his state habeas petition) to August 21, 2008 (when he signed and mailed the instant federal petition), or 120 days – but *minus* the 365 days in the statute of limitations period. In other words, Petitioner has to equitably toll 681 days ((926 + 120) - 365).

According to Petitioner, from October 6, 2004, through March of 2007, he had to work at the prison for 8 hours per day, 5 days per week. (Response at 3-4.) Petitioner also claims he was out of commission for an additional 11 hours a day because he was locked in his cell from 8:30 p.m. until 7:00 a.m. the following day.[3] (*Id.* at 4.) Petitioner argues he is therefore entitled to 19 hours (8 + 11) of tolling for each workday. (*Id.*) Put another way, Petitioner has only 5 hours per day, 5 days per week (25 hours per week) to prepare habeas petitions.[4] Counting only the number of hours available for working on habeas petitions, and counting 24 hours as one day, Petitioner calculated that he effectively had only about 187 days[5] during this period to prepare any habeas petitions. (*Id.*)

///
///

---

[2] Petitioner's calculation of 921 days is incorrect; it is 926 days.

[3] The Court notes that this is 10.5 hours, not 11.

[4] Apparently, Petitioner does not count weekends as available time.

[5] The Court expresses no opinion as to the accuracy of Petitioner's calculations as their validity is irrelevant to the Court's conclusion.

4

The mere fact that Petitioner was working does not warrant equitable tolling. As Petitioner points out, every able-bodied prisoner is obligated to work. (Exh. B to Response; 15 Cal. Code Regs. § 3040(a).)

Petitioner does not explain how his prison job prevented him from filing a habeas petition. See *Quintero v. Haws*, 2008 WL 553651, *4 (S.D. Cal. 2008) (Petitioner "does not explain how his work schedule interfered with his ability to file a timely petition"); *Williams v. Sheperd*, 2005 WL 1837133, *4 (E.D. Cal. 2005) ("petitioner has not met his burden of demonstrating that his prison job assignments and institutional lock-downs made it impossible for him to file habeas petition in a timely manner").

In addition, Petitioner argues that his father's murder sometime in 2004 (Response at 2, 8) entitles him to an unspecified period of tolling. Petitioner's conviction became final on September 14, 2004. However, the fact of a family death, albeit tragic, is not without more a basis for equitable tolling during the significant time period that Petitioner must toll (well over a year and a half) to render his petition timely. See *Chisholm v. Quarterman*, 2007 WL 4190804 *3 (S.D. Tex. 2007). Petitioner makes no showing that his father's death made Petitioner incapable of preparing a timely habeas petition.

Nor does Petitioner demonstrate that he pursued his rights diligently during the period at issue. See *Freeman v. Schriro*, 2008 WL 2324121, *5 (D. Ariz. 2008) ("Petitioner has not demonstrated that he has pursued his rights diligently and that his failure to file a federal habeas petition within the AEDPA statute of limitations was the result of circumstances beyond his control.") Petitioner does not set forth *any* efforts he made during this period to prepare his habeas petitions. His conclusory statement that he "was diligently pursuing his claims in state court" (Response at 7) is unsupported.

Petitioner has established no basis for equitable tolling. Accordingly, the petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

### B. Discovery of the Factual Predicate of the Claim

Grounds Two and Three of the Petition allege ineffective assistance of counsel for failing to object to the trial judge's conduct, failure to file a notice of appeal, and failure to file a motion to recall the sentence. (Petition at 5-6.)

In the context of an ineffective assistance claim, the statute starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Here, Petitioner knew, or through diligence could have discovered, the factual predicate of his claim in Ground Two based on failure to object to the trial judge's conduct in the plea proceedings no later than the date he pled guilty and was sentenced, July 16, 2004. (Petition at 2.)

In Ground Three, Petitioner alleges ineffective assistance of counsel based on failure to file a notice of appeal and failure to file a motion to recall the sentence. (Petition, Points and Authorities at 12.) The Court assumes without deciding that Petitioner did not expressly waive a right to appeal and that Petitioner asserts appealable issues. A notice of appeal and request for certificate of probable cause must be filed within 60 days of the judgment, which would have been September 14, 2004. Cal. Rules of Court 8.304(b), 8.308(a); Cal. Penal Code § 1237.5(a). Therefore, Petitioner knew, or through diligence

could have discovered, the factual predicate of this claim no later than September 14, 2004. Moreover, a trial court may recall a sentence within 120 days of the date of commitment upon motion. Cal. Penal Code § 1170(d); *People v. Superior Court*, 31 Cal. App. 4th 343, 348, 37 Cal. Rptr. 2d 156 (1995). Therefore, Petitioner knew, or through diligence could have discovered, the factual predicate of his claim that counsel failed to file a motion to recall the sentence no later than November 15, 2004.

Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired one year later. Accordingly, the limitations period for the claim of ineffective assistance of counsel based on failure to file a notice of appeal expired September 14, 2005. The limitations period for the claim of ineffective assistance of counsel based on failure to file a motion to recall the sentence expired on November 15, 2005.

As discussed above, Petitioner is not entitled to statutory tolling because no state habeas petition was filed prior to expiration of the statute of limitations. (*See* Section II.A.1.) Nor has Petitioner established any basis for equitable tolling. (*See* Section II.A.2.) Accordingly, Grounds Two and Three are time-barred under 28 U.S.C. § 2244(d)(1)(D) as well.

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: November 3, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge